UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

------------------------------------------------------------X
                                                            :
MALIBU MEDIA, LLC,                                          :
                                                            :   Civil Action No. _____
                    Plaintiff,                              :
                                                            :
          vs.                                               :
                                                            :
JOHN DOE subscriber assigned IP address                     :
75.187.245.35,                                              :
                                                            :
                    Defendant.                              :
                                                            :
------------------------------------------------------------X

**DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE**

**I, TOBIAS FIESER, HEREBY DECLARE:**

1. My name is Tobias Fieser.

2. I am over the age of 18 and am otherwise competent to make this declaration.

3. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4. I am employed by IPP International UG ("IPP"), a company organized and existing under the laws of Germany, in its litigation support department.

5. Among other things, IPP is in the business of providing forensic investigation services to copyright owners.

6. As part of my duties for IPP, I routinely monitor the BitTorrent file distribution network for the presence of copyrighted works, and I identify the Internet Protocol ("IP") addresses that are being used by infringers to distribute these copyrighted works.

7. Plaintiff retained IPP to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used by to distribute Plaintiff's copyrighted works without authorization.

8. IPP tasked me with effectuating, analyzing, reviewing and attesting to the results of this investigation.

9. During the performance of my duties, I used forensic software named INTERNATIONAL IPTRACKER v 1.5 and related technology enabling the scanning of the BitTorrent file distribution network for the presence of infringing transactions involving Plaintiff's movies.

10. INTERNATIONAL IPTRACKER v 1.5 was correctly installed and initiated on a server.

11. I personally extracted the resulting data emanating from the investigation.

12. After reviewing the evidence logs, I isolated the transactions and the IP addresses being used on the BitTorrent file distribution network to distribute Plaintiff's copyrighted works.

13. Computer(s) using the IP address identified on Exhibit A to the Complaint[1] ("Exhibit A") connected to IPP's investigative server in order to transmit a full copy, or a portion thereof, of each digital media file as identified by the hash values as set forth on Exhibit A to the Complaint. At no point did IPP distribute any of Plaintiff's copyrighted works. INTERNATIONAL IPTRACKER v 1.5 is designed in such a way so that it is incapable of distributing any content.

14. The IP address, hash values and hit dates contained on Exhibit A correctly reflect what is contained in the evidence logs.

---

[1] For the avoidance of doubt, each Exhibit referenced herein refers to the corresponding Complaint Exhibit.

15. Our software analyzed each bit downloaded from the IP address identified on Exhibit A. Our software further verified that each of these bits was a portion of the file hash as listed on Exhibit A. Each file hash listed on Exhibit A was verified to be a digital media file containing a motion picture as enumerated in Exhibit A. Our software downloaded one or more bits of each file hash listed on Exhibit A from the IP address referenced on Exhibit A.

16. IPP was provided with a control copy of each copyrighted work identified on Exhibit A (the "Movie"). IPP reviews each Movie side-by-side with the corresponding digital media files identified by their file hash values as set forth on Exhibit A. IPP verifies that each digital media file contained a motion picture that was identical, strikingly similar or substantially similar to the Movie associated with it, as identified by its file hash, on Exhibit A.

17. IPP's software also logged Defendant's IP address being used to distribute third party files through BitTorrent. This evidence is referred to as the Additional Evidence in the Complaint. The Additional Evidence indicates that a person using Defendant's IP address engaged in BitTorrent transactions associated with 1245 files between 09/25/2012 and 08/06/2014.

**FURTHER DECLARANT SAYETH NAUGHT.**

**DECLARATION**

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of August, 2014.

**TOBIAS FIESER**

By: _____